RAFAEL D. MILÁN, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 802. Argued February 21, 1930.—Decided May 31, 1930.

*J. A. Surís* for appellant.

MR. JUSTICE WOLF delivered the opinion of the Court.

There was a community of property wherein the appellant Rafael D. Milán owned 13/14 parts of the property and two

minors 1/14 part. The mother of the minors purporting to act under her *patria potestas,* transferred the share of the minors to Rafael D. Milán for $150. The parties fixed the price of the whole property at $1,950. The deed making the transfer was called a "Division of Community". The registrar refused to record substantially on the grounds that, although the transaction was called a "division" it was in effect a termination of the community existing between the minors and said Milán; and was a sale of the minors' interest; that by virtue of section 229 of the Civil Code, to make such a sale a previous judicial authorization was necessary. The parties discussed other matters that we do not find it necessary to consider.

We quite agree with the registrar that what was attempted was an alienation or sale of the minors' interest. There was no division of land and the said minors through their mother, attempted to sell their 1/14 interest. Section 229 of the Civil Code, as amended provides:

"The exercise of the '*patria potestas*' does not authorize the father nor the mother to alienate or lay any encumbrance upon real property of any class whatever or upon personal property, the value of which exceeds five hundred dollars, pertaining to the child and which may be under the administration of its parents, without the previous authorization of the district court wherein the property is situate and the demonstration of the necessity and utility of the alienation or encumbrance and in conformity with the provisions of sections 80, 81 and 82 of an act relative to special legal proceedings.

"Notwithstanding the prescriptions of the preceding paragraph no judicial authorization shall be required for the sale of fruits yielded by a landed or agricultural property at its last crop.

"For the execution of contracts for the lease of real property, including those of advances for agricultural purposes and grinding of cane authorized by the act of March 10, 1910, covering a longer period than six years, the authorization provided for in the preceding paragraph shall also be required; but in no case shall the contract be entered into nor the authorization granted for a lease cover-

ing a period of time in excess to that required by the child, not otherwise incapacitated, to become of age.''

This precept was binding on the parties and on the registrar.

His note will be affirmed.